Veronica Jo Barback
8:23-cr-124-VMC-NHA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA    Case Number: 8:23-cr-124-VMC-NHA

v.    USM Number: 56819-510

VERONICA JO BARBACK    Stephen Consuegra, AFPD

_____

## JUDGMENT IN A CRIMINAL CASE
### For Revocation of Supervised Release

The defendant admitted guilt to violation charge numbers One, Two, Three, Four, and Five of the term of Supervised Release. Accordingly, the Court has adjudicated that the defendant is guilty of these violation charge numbers:

| Violation Charge Number | Nature of Violation | Violation Ended |
| --- | --- | --- |
| One | New conviction for conduct, Possession of Paraphernalia, occurring on September 17, 2025 while on supervision in violation of the conditions of supervision. (Grade C Violation) | September 17, 2025 |
| Two | Failure to work regularly at a lawful occupation in violation of Condition Seven of the Standard Conditions of Supervision (Grade C Violation) | Since the month of May |
| Three | Positive urinalysis for methamphetamine on July 20, 2025, in violation of the Special Condition | July 20, 2025 |
| Four | Failure to participate in Drug Aftercare Treatment in violation of the Special Condition | September 9, 2025 |
| Five | Failure to participate in Mental Health Counseling in violation of the Special Condition | September 9, 2025 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Veronica Jo Barback
8:23-cr-124-VMC-NHA

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Sentence: October 28, 2025

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

October 28, 2025

Veronica Jo Barback
8:23-cr-124-VMC-NHA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TIME SERVED.

Defendant shall report immediately to the U.S. Marshal Service for processing and further instructions.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

The defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
       Deputy U.S. Marshal

Veronica Jo Barback
8:23-cr-124-VMC-NHA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years.

## MANDATORY CONDITIONS

1.  The defendant shall not commit another federal, state or local crime.
2.  The defendant shall not unlawfully possess a controlled substance.
3.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer. The Court orders the defendant to submit to random drug testing not to exceed two tests per week
5.  The defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, the defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  The defendant shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the Probation Officer about how and when the defendant shall report to the Probation Officer, and the defendant shall report to the Probation Officer as instructed.
3.  The defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4.  The defendant shall answer truthfully the questions asked by your Probation Officer

Veronica Jo Barback
8:23-cr-124-VMC-NHA

5.  The defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), the defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

6.  The defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and the defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so.  If you do not have full-time employment the defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), the defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.

8.  The defendant shall not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.

9.  If you are arrested or questioned by a law enforcement officer, the defendant shall notify the Probation Officer within **72 hours**.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and the defendant shall comply with that instruction.  The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13. The defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____        Date:_____

Veronica Jo Barback
8:23-cr-124-VMC-NHA

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.    The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2.    The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3.    The defendant shall submit to a search of his person, residence, place of business, any storage units under the defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to a search pursuant to this condition.

4.    The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.